EMAS, J. •
Christopher Smith-Taylor appeals an order denying in part his motion for additional jail credit filed pursuant to Florida Rule of Criminal Procedure 3.800. In ruling on his motion below, the trial court awarded Smith-Taylor 574 days credit in case number 09-29624 and 567 days credit in case number 10-4284. However, Smith-Taylor contended in his motion, and on appeal, that he is entitled to a total of 682 days of credit in each case (an additional 108 and 115 days, respectively). The trial court’s order does not indicate how it calculated the above-described credit awarded, and failed to attach any documents or other record evidence supporting *15 the calculations or conclusively establishing Smith-Taylor is not entitled to relief. The transcript of the original plea colloquy (which was attached to the order) also fails to establish the precise amount of credit to which Smith-Taylor was entitled.
The State, in its response to the appeal, makes reference to documents prepared by the Department of Corrections, including a sheriffs certificate. See § 921.161, Fla. Stat. (2013). However, this certificate was not attached to the trial court’s order or otherwise made a part of the postcon-viction record. On appeal from a summary denial of a Rule 3.800 motion, this court must reverse unless the record shows conclusively that the appellant is entitled to no relief. See Fla. R. App. P. 9.141(b)(2)(D). Because the record before us fails to conclusively refute Smith-Taylor’s claim that he is entitled'to additional jail credit, we reverse and remand for further proceedings.
If the' trial court enters an order summarily denying the motion for this additional jail credit, it shall attach record excerpts conclusively showing that Smith-Taylor is entitled to no relief.
Reversed and remanded for further proceedings.